UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERMAINE BARKLEY,

Petitioner,

v.

JOE LIZARRAGA,

Respondent.

No. 2:15-cv-0655 AC P

ORDER

Petitioner, a state prisoner at Mule Creek State Prison, proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner requests leave to proceed in forma pauperis and has filed a motion to stay and abey his petition while petitioner exhausts additional claims in the state courts.

Examination of the in forma pauperis application, ECF No. 6, demonstrates that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Preliminary review of the petition, ECF No. 5, indicates that it asserts two claims – denial of petitioner's right to fully confront and cross-examine a witness, and ineffective assistance of trial counsel. It appears that both claims have been exhausted on direct appeal and pursuant to a petition for review decided by the California Supreme Court. It further appears that this fully exhausted petition was protectively filed within a year after the California Supreme Court's denial

of review on April 30, 2014. See 28 U.S.C. § 2244(d)(1) (federal petition for writ of habeas corpus must be filed within one year after the challenged judgment became final in the state courts by the conclusion of direct review).[1]

Petitioner seeks a stay of this action so that he can "exhaust his lower court remedies on some newly claim issues (sic) as well as his discovery." ECF No. 7 at 1. Petitioner does not identify the new claims he seeks to exhaust.

There are two procedures available to a federal habeas petitioner seeking a stay of his federal petition while exhausting additional claims in the state courts. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). Petitioner appears to seek a stay under the "Kelly procedure." See Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), cert. den., 538 U.S. 1042 (2003), overruled in part on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). The Ninth Circuit Court of Appeals has described the "Kelly procedure" as a three-step process, as follows:

> (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). The instant petition, asserting only exhausted claims, satisfies the first step under Kelly.

Significantly, "the Kelly procedure . . . is not premised upon a showing of good cause." King, 564 F.3d at 1140. However, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under AEDPA's statute of limitations. Id. at 1140-41. Thus the Kelly procedure, in contrast to the procedure approved in Rhines v. Weber, 544 U.S. 269, 277 (2005), does not protect a petitioner's unexhausted claims from expiring during a stay.

---

[1] AEDPA's limitation period is calculated from the "latest" of four commencement dates. See 28 U.S.C. § 2244(d)(1)(A) (date on which the judgment became final); § 2244(d)(1) (B) (date on which the illegal state-action impediment to filing was removed); § 2244(d)(1)(C) (date on which the asserted constitutional right was initially recognized by the U.S. Supreme Court and made retroactive to cases on collateral review); and § 2244(d)(1)(D) (date on which the factual predicate of the claim could have been discovered through due diligence).

King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll AEDPA's statute of limitations). "[T]he Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

Under Kelly, if a newly exhausted claim is time-barred, it may be added in an amended petition only if it "relates back" to petitioner's original exhausted claims. However, a new claim does not "relate back" to the original petition simply because it arises from "the same trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 662-64 (2005). Rather, the new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims. Id. at 659.

"A Kelly stay may be denied where the petitioner's new claims are deemed to be untimely and do not relate back to exhausted claims," that is, if "granting such a stay to permit exhaustion . . . would be futile." Spivey v. Gipson, 2013 WL 4517896, *9, 18 (E.D. Cal. 2013) (citing King, 564 F.3d at 1141-43). "If amendment is futile, a stay is inappropriate." Figueroa v. Lea, 2014 WL 1028500, * 5 (S.D. Cal. 2014) (citing Haskins v. Schriro, 2009 WL 3241836, *3 (D. Ariz. 2009).

The alternate procedure for staying a federal habeas action was set forth by the Supreme Court in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under Rhines, a district court may stay a petitioner's "mixed petition" (one containing both exhausted and unexhausted claims), while petitioner returns to state court to exhaust the unexhausted claims. Id. at 277-78; see also King, 564 F.3d at 1140. A stay under Rhines is appropriate only when petitioner has demonstrated good cause for failing to previously exhaust his claims in state court, and is not available if the unexhausted claims are "plainly meritless," or petitioner has engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78.

"[B]oth Kelly and Rhines are directed at solving the same problem -- namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

In the present case, petitioner has not identified the new claims he intends to exhaust in the state courts. Most of petitioner's briefing focuses on his frustration in obtaining a hard copy of his trial court record – petitioner was apparently provided digital copies which were confiscated by the state prison. In order to consider petitioner's request for a stay of this action, petitioner must specifically identify the claims he seeks to exhaust in the state courts, and explain why these claims were not previously exhausted. Petitioner must also articulate whether he is seeking a stay under Kelly or Rhines. If petitioner seeks a stay under Kelly, he need not file an amended petition; however, if petitioner seeks a stay under Rhines, he must file an amended petition that includes his unexhausted claims. For these reasons, petitioner's instant stay request is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 6, is granted.

2. Petitioner's second motion to stay this action, ECF No. 7, is denied with leave to file an amended motion to stay, under the guidelines set forth above, within twenty-one days after the filing date of this order.

DATED: May 11, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE