UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE BARKLEY, | No.  2:15-cv-0655 AC P |
| Petitioner, | |
| v. | ORDER |
| JOE LIZARRAGA, | |
| Respondent. | |

    Petitioner is a state prisoner at Mule Creek State Prison who proceeds pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order filed May 12, 2015, this court noted that the petition, ECF No. 5, appeared to be timely filed based on the following two claims, which appeared to be fully exhausted in the state courts:  (1) the denial of petitioner's right to fully confront and cross-examine a witness, and (2) the ineffective assistance of trial counsel for failure to request that the jury be instructed on voluntary intoxication as a defense to the charge (and conviction) that petitioner made a criminal threat.  See ECF No. 8.  The court denied without prejudice petitioner's second motion[1] to stay this action pending the exhaustion of further claims in the state courts.

    In denying petitioner's motion to stay, the court noted that petitioner had failed to identify

---

[1] Petitioner attempted to commence this action with his first motion to stay.  See ECF No. 1.

1

1  the new claims he intends to exhaust.  The court explained the differences between a stay under

2  Rhines v. Weber, 544 U.S. 269, 277 (2005), and a stay under Kelly v. Small, 315 F.3d 1063 (9th

3  Cir. 2003).  The court directed petitioner to choose between the following options, ECF No. 8 at

4  4:

> In order to consider petitioner's request for a stay of this action, petitioner must specifically identify the claims he seeks to exhaust in the state courts, and explain why these claims were not previously exhausted. Petitioner must also articulate whether he is seeking a stay under Kelly or Rhines. If petitioner seeks a stay under Kelly, he need not file an amended petition; however, if petitioner seeks a stay under Rhines, he must file an amended petition that includes his unexhausted claims.

10    Petitioner was accorded twenty-one days within which to file a new motion to stay,

11  subject to these parameters.  On May 28, 2015, petitioner timely filed the instant motion.

12  Petitioner states that he seeks a stay under Rhines, but failed to submit an amended petition that

13  includes both his exhausted and unexhausted claims.  Petitioner identifies his unexhausted claims

14  as "Brady issues [and] ineffective assistance of the trial counsel [] for not fully and adequately

15  explaining the plea offer . . . , failure to investigate . . . , failure to present evidence . . . , failure to

16  present witnesses . . . , failure to obtain witnesses . . . , Purjury (sic) by an officer, Prosecutor

17  misconduct, and failure to object by trial counsel."[2]  ECF No. 10 at 1-2.  Petitioner broadly asserts

18  that these claims became apparent with newly discovered evidence.  Petitioner also requests that

19  this court direct staff at Mule Creek State Prison to turn over photos requested by petitioner.

20    Essentially, petitioner seeks carte blanche authorization to pursue in the state courts a

21  laundry list of putative claims while this court maintains a protective filing date for his original

22  federal petition.  Petitioner's request conforms neither to Rhines or Kelly.  Failure to conform to

23  either standard requires that petitioner's request to stay this action again be denied without

24  prejudice.

25    To proceed under Rhines, petitioner must clearly set forth in a new amended petition both

26  his exhausted and unexhausted claims.  The unexhausted claims must be sufficiently alleged to

---

[2] This quote deletes repeated references to "trial counsel;" this passage does not further elucidate petitioner's ineffective assistance claims.

appear at least potentially cognizable.  A stay under <u>Rhines</u> is appropriate only when petitioner has demonstrated good cause for failing to previously exhaust his claims in the state courts, and is not available if the unexhausted claims are "plainly meritless," or petitioner has engaged in "abusive litigation tactics or intentional delay."  <u>Rhines</u>, 544 U.S. at 277-78.

To proceed under <u>Kelly</u>, petitioner must clearly state his intention to do so, but need not file an amended petition at this time.  However, while "the <u>Kelly</u> procedure . . . is not premised upon a showing of good cause," <u>King</u>, 564 F.3d at 1140, petitioner later incorporate his unexhausted claims into his federal petition only if the claims are timely under AEDPA's statute of limitations, <u>id.</u> at 1140-41, or, if time-barred, "relate back" to petitioner's originally exhausted claims.  <u>Mayle v. Felix</u>, 545 U.S. 644 (2005) (new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims).  In addition, a "<u>Kelly</u> stay may be denied where the petitioner's new claims are deemed to be untimely and do not relate back to exhausted claims," that is, if "granting such a stay to permit exhaustion . . . would be futile." <u>Spivey v. Gipson</u>, 2013 WL 4517896, *9, 18 (E.D. Cal. 2013) (citing <u>King</u>, 564 F.3d at 1141-43); see also <u>Figueroa v. Lea</u>, 2014 WL 1028500, * 5 (S.D. Cal. 2014) (citing <u>Haskins v. Schriro</u>, 2009 WL 3241836, *3 (D. Ariz. 2009).

In a further motion to stay, petitioner must clearly state whether his motion is premised on <u>Rhines</u> or <u>Kelly</u>, and each unexhausted claim must be specifically and clearly identified.  If the motion is premised on <u>Rhines</u>, petitioner must explain why he failed to previously exhaust his unexhausted claims in the state courts, and petitioner must also file a separate amended petition that includes both his exhausted and unexhausted claims.  On the other hand, if petitioner seeks a stay under <u>Kelly</u>, he need not explain his failure to previously exhaust his unexhausted claims and need not file an amended petition; however, petitioner must still specifically and clearly identify each of his unexhausted claims.  **This means that petitioner must not merely state what type of claims he intends to bring, but must provide the claims themselves including the factual basis for each claim.**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's third motion to stay this action, ECF No. 10, is denied without prejudice.

2. Within twenty-one (21) days after the filing date of this order, petitioner may file a fourth motion to stay this action, pursuant to the standards and requirements set forth herein.

3. No further opportunities to request a stay of this action, at this juncture, will be authorized; failure of petitioner to timely comply with this order will result in an order directing respondent to file a response to the currently operative petition containing petitioner's exhausted claims, ECF No. 5.

4. The Clerk of Court is directed to send petitioner a blank copy of the form used by prisoners for filing a habeas petition pursuant to 28 U.S.C. § 2254.

DATED: June 9, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE