UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE BARKLEY, | No. 2:15-cv-0655 AC P |
| Petitioner, | |
| v. | ORDER |
| JOE LIZARRAGA, | |
| Respondent. | |

Petitioner is a state prisoner at Mule Creek State Prison (MCSP) who proceeds pro se and in forma pauperis with a First Amended Petition (FAP) for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 14, and an amended motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005), ECF No. 15. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 4.

Under certain conditions, a district court may stay a "mixed petition" (containing both exhausted and unexhausted claims) while petitioner returns to state court to exhaust his unexhausted claims. See Rhines, 544 U.S. at 277-78; see also King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). A stay under Rhines is appropriate only when petitioner has demonstrated good cause for failing to previously exhaust his claims, and is not available if the unexhausted claims are "plainly meritless" or petitioner has engaged in "abusive litigation tactics or intentional

1

delay." Rhines, 544 U.S. at 277-78.

Pending is petitioner's fourth stay request. The current request, together with the FAP, conform to the requirements set forth in the court's prior orders, see ECF Nos. 3, 8, 11, and warrant a stay of this action while petitioner exhausts his additional claims in the state courts. The FAP contains the following ten claims, only the first of which have been exhausted:[1]

> Claim One: Denial of petitioner's right to fully confront and cross-examine the complaining witness.
>
> Claim Two: Ineffective assistance of trial counsel (IATC) based on his failure to request that the jury be instructed on the law relating to voluntary intoxication.
>
> Claim Three: Failure of prosecution to disclose potentially exculpatory evidence, specifically, a photo taken, and text messages written, by the complaining witness.
>
> Claim Four: IATC based on counsel's failure to adequately explain to petitioner the rejected plea offer and the possible consequences of proceeding to trial.
>
> Claim Five: IATC based on counsel's failure to investigate "extremely vital discovery" and present it at trial, including the comparison of two gun holsters; obtaining DNA testing of blood; and obtaining the testimony of witness I. Martines.
>
> Claim Six: IATC based on counsel's failure to impeach the testimony of the complaining witness and Detective Williams.
>
> Claim Seven: IATC based on counsel's failure to object to the introduction of the following "hearsay evidence:" an unsupported statement by the prosecution in closing argument concerning the number of brown blankets; the prosecution's unsupported statement on rebuttal that a photo of the couches showed blood; the prosecution's introduction of a photo at trial of a trash can that allegedly contained bloody clothes involved in the alleged crime, despite the absence of any evidence (e.g. DNA testing of blood) linking the clothes to the crime; the prosecution's closing statement that petitioner told the complaining witness to "sit" (rather than "get") on the bed.
>
> Claim Eight: IATC based on counsel's failure to present "crucial impeachment evidence" against the complaining witness concerning her use of alcohol and plaintiff's residence.
>
> Claim Nine: IATC based on counsel's failure to present the testimony of the following potential witnesses: P. Tracy, who

---

[1] While several of petitioner's claims are "compound," the court anticipates their refinement through exhaustion in the state courts.

provided a statement that the complaining witness recanted her accusations against petitioner; D. Bickle, concerning petitioner's residence; and expert medical witnesses on petitioner's behalf to rebut the testimony of the state's medical witnesses concerning the alleged rape and injuries.

Claim Ten: IATC based on counsel's failure to obtain a continuance of trial for the purpose of obtaining the testimony of witness I. Martines to impeach the testimony of the complaining witness.

As stated in his FAP, and set forth in his previous motions to stay, petitioner was previously unable to exhaust Claims Three through Ten because unable to obtain a paper copy of his case file from trial counsel.  See ECF Nos. 1, 7, 10.  In his current motion to stay, petitioner demonstrates that he recently obtained the assistance of the Shasta County Public Defender to obtain a paper copy of his case file and make arrangements with the MCSP Litigation Coordinator to permit petitioner to view photographs and listen to electronic recordings.  See ECF No. 15 at 25.

The court finds that petitioner has demonstrated good cause for failing to previously exhaust Claims Three through Ten in state court, and has not engaged in "abusive litigation tactics" or "intentional delay" in this action.  Rhines, 544 U.S. at 277-78.  The court further finds that petitioner's unexhausted claims are not "plainly meritless."  Id.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended motion to stay this action, ECF No. 15, is granted pursuant to Rhines v. Weber, 544 U.S. 269 (2005), pending exhaustion of petitioner's Claims Three through Ten in the state courts.

2. Petitioner is directed to inform this court, and file a request to lift the stay, within thirty (30) days after a decision by the California Supreme Court concluding state habeas review on petitioner's additional claims.

3. The Clerk of Court is directed to administratively close this case pending exhaustion.

DATED: October 21, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE