1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JERMAINE BARKLEY,                          No.  2:15-cv-0655 JAM AC P

12                    Petitioner,

13          v.                                   ORDER

14   JOE LIZARRAGA, WARDEN,

15                    Respondent.

16

17          Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an

18   application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to

19   a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          Before this court are the magistrate judge's dispositive findings and recommendations,

21   petitioner's motion to stay the proceedings, motion for alternative orders, and motion for a thirty-

22   day extension of time to comply with the court's orders.  See ECF Nos. 41, 44, 47, 48.  In

23   addition, respondent has filed an opposition to petitioner's motion to stay.  See ECF No. 49.

24          For the reasons stated below, the court will adopt the magistrate judge's findings and

25   recommendations and decline to issue the certificate of appealability.  In addition, petitioner's

26   motion to stay, his motion for alternative orders, and his motion for a thirty-day extension of time

27   to comply with the magistrate judge's March 1, 2021, order to file objections to the findings and

28   recommendations will be denied.

1

I.      RELEVANT PROCEDURAL HISTORY

On March 1, 2021, the magistrate judge issued findings and recommendations in this action. ECF No. 41. The order recommended that the petition be denied, and the parties were given twenty-one days within which to file objections to the magistrate's findings and recommendations. See id. at 27.

Thereafter, on March 15, 2021, petitioner requested a thirty-day extension of time to file objections to the court's order. ECF No. 42. On March 18, 2021, petitioner's motion was granted, and the court gave petitioner until April 26, 2021, to file his objections. See ECF No. 43. This was more time than petitioner had asked for.

On March 24, 2021, instead of filing formal objections to the court's findings as he had been ordered to do, petitioner filed a motion to stay the proceedings on the grounds that he had found newly discovered evidence. See ECF No. 44. The "new evidence" was that a few years earlier, petitioner's trial counsel had stood trial for the attempted murder of some of his family members. See id. at 1-2. 4-5.

Less than a month later, on April 19, 2021, once again, instead of petitioner filing formal objections to the court's March 1, 2021, findings and recommendations, he filed a "motion for alternative orders," which asked the court a second time to stay this action and hold it in abeyance, presumably to enable him to return to state court and exhaust claims he wants to raise based upon the newly discovered evidence. See ECF No. 47 at 1-2.

Four days later, on April 23, 2021, petitioner's instant motion for a thirty-day extension of time to comply with the court's March 1, 2021, order was docketed. See ECF No. 48. On April 26, 2021, respondent filed an opposition to petitioner's March 24, 2021, motion to stay the proceedings. ECF Nos. 49.

II.     DISCUSSION

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having done so, the court first finds that the record clearly indicates that plaintiff has had more than ample time to file formal objections to the magistrate judge's dispositive findings and recommendations issued in March 2021. Instead of

doing so, however, petitioner filed what are ultimately two different motions to stay these proceedings while he returns to state court to exhaust new ineffective assistance of counsel claims. See generally ECF Nos. 44, 47.

Petitioner's actions indicate to the court that between March 1, 2021, and April 23, 2021, the day petitioner's instant motion for a thirty-day extension of time was docketed in this court, he had both the ability and opportunity to file formal objections to the magistrate judge's findings and recommendations, yet he actively chose not to do so.

For this reason, and because petitioner's stay motions technically provide reasons why the magistrate's findings and recommendations should not be adopted – to wit, because petitioner has new claims based upon purportedly "newly discovered evidence" that must be exhausted in state court prior to the court issuing a dispositive order in this case – the court construes petitioner's March 24, 2021, motion to stay (ECF No. 44) and his April 19, 2021, motion for alternative orders (ECF No. 47) as objections to the court's March 1, 2021, findings and recommendations (ECF No. 41). As a result, petitioner's motion for a thirty-day extension of time to file objections to the magistrate judge's order (ECF No. 48) is not needed. Accordingly, it will be denied as moot.

Next, regarding the substantive argument in petitioner's two stay motions (see ECF Nos. 44, 47), namely, that his trial counsel's prosecution for attempted murder in recent years warrants petitioner being able to raise new ineffective assistance of counsel claims at the state level and then at the federal level, the argument is without merit. This is because even if petitioner's trial counsel suffered from mental health problems during petitioner's trial,[1] the claims in the instant petition still fail to demonstrate that trial counsel's performance was so deficient during petitioner's trial that it rose to the level of ineffective assistance at any given point during those proceedings. See generally ECF Nos. 19, 41 (petitioner's second amended petition and magistrate judge's dispositive findings and recommendations).

---

[1] In petitioner's first motion to stay, he alleges that at his trial counsel's own criminal proceedings, he claimed that he had had a lifelong struggle with mental illness. See ECF No. 44 at 1.

3

For these reasons, having carefully reviewed the entire file, the court finds the magistrate judge's findings and recommendations to be supported by the record and by proper analysis. It also finds the newly presented facts raised in petitioner's objections / stay motions to be immaterial to the magistrate judge's analysis of the claims in the petition. Therefore, they will be denied. As a result, the court neither reaches nor considers respondent's opposition to petitioner's motions to stay. See ECF No. 49.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay, filed March 24, 2021 (ECF No. 44), is DENIED.

2. Petitioner's motion for alternative orders, filed April 19, 2021 (ECF No. 47), is DENIED.

3. Petitioner's motion for a thirty-day extension of time to comply with the court's order, filed April 23, 2021 (ECF No. 48), is DENIED as moot.

4. The findings and recommendations issued March 1, 2021 (ECF No. 41), are ADOPTED in full.

5. The second amended petition for writ of habeas corpus (ECF No. 19) is DENIED, and

6. The court DECLINES to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: April 29, 2021                    /s/ John A. Mendez
                                         THE HONORABLE JOHN A. MENDEZ
                                         UNITED STATES DISTRICT COURT JUDGE